CRICHTON, J.,
concurs in the denial and assigns reasons.
|¶1 agree with the denial of the defendant’s writ; however, I do so for different reasons than the majority. The majority determined that this writ was rendered moot in light of this Court’s decisions in a related consolidated application, State of Louisiana v. Jerome Morgan 16-0550 c/w 16-0651, wherein the Court granted the defendant’s writ and denied the State’s writ. I would have granted relief to the State and denied relief to the defendant in that consolidated application, thereby keeping the issue raised in this application viable.
In my view, the trial court properly determined that the witnesses were “unavailable” and, therefore, their prior statements from the 1994 trial transcript may be admitted under La. C.E. 804(B)(1). Furthermore, the State, by filing perjury charges against the witnesses, did not “[procure]” their unavailability nor “[prevent]” them “from attending or testifying.” La. C.E. 804(A)(5). “A prosecutor is always entitled to attempt to avert perjury and to punish criminal conduct.” United States v. Viera, 839 F.2d 1113, 1115 (5th Cir.1988).
A trial is a search for the truth. State v. Matthieu, 506 So.2d 1209, 1213 (La.1987). In the consolidated writ referenced above, I expressed my belief that the jury should be presented with the 1994 in-court and out-of-court identifications of the two eyewitnesses. However, I agree with the trial court here that the evidence adduced in the post-conviction hearing should also be admitted. It is my view that 12all owing the jury to weigh the witnesses’ 1994 identifications against their 2013 recantations will ensure a just verdict. In the trial court’s words, “let the fact finder make the calif.]”